**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4289**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

JAMES BRAGG,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (7:14-cr-00111-F-2)

Submitted:  March 28, 2016          Decided:  April 8, 2016

Before KING, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mitchell G. Styers, BANZET, THOMPSON & STYERS, PLLC, Warrenton,
North Carolina, for Appellant.  Thomas G. Walker, United States
Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant
United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Bragg appeals the district court's judgment imposing a 24-month term of incarceration and a 10-year term of supervised release following Bragg's guilty plea to distribution of a quantity of cocaine base. Bragg argues on appeal that his supervised release term is procedurally and substantively unreasonable and that his 24-month sentence of incarceration is substantively unreasonable. We affirm.

We generally review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007); United States v. Lymas, 781 F.3d 106, 111-12 (4th Cir. 2015). However, because Bragg did not object to the term of supervised release in the district court or argue for a term of supervised release different than the one imposed by the district court, we review the procedural reasonableness of the supervised release term for plain error. See United States v. Lynn, 592 F.3d 572, 576—8 (4th Cir. 2010). Under the plain error standard, Bragg must show (1) an error; (2) that is plain; (3) that affects his substantial rights; and (4) that "seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Webb, 738 F.3d 638, 640-41 (4th Cir. 2013) (alteration and internal quotation marks omitted).

Bragg asserts that his term of supervised release is procedurally unreasonable because the district court failed to adequately explain its reasons for imposing the 10-year term. In evaluating a sentencing court's explanation of a selected sentence, the district court "must make an individualized assessment based on the facts presented." Gall, 552 U.S. at 50. While the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

Here, the district court explained its reasons for imposing the 10-year supervised release term. Specifically, the district court discussed Bragg's lengthy criminal history, including nine drug-related convictions and eight misdemeanor infractions, as well as his previous failure to complete supervision without a violation. The district court also considered the appropriate § 3553(a) sentencing factors before imposing the sentence. We therefore conclude that there was no procedural error in the district court's imposition of the 10-year term.

We next review the term of supervised release for substantive reasonableness, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Gall, 552 U.S. at 51. Bragg challenges

3

the substantive reasonableness of the 10-year term on the ground that it is greater than necessary to achieve the purposes of sentencing. Because Bragg "simply challeng[es] the substantive reasonableness of his [supervised release term] due to its length or non-specific considerations," our review is for abuse of discretion rather than plain error. See United States v. Hargrove, 625 F.3d 170, 184 (4th Cir. 2010).

A district court, "in determining the length of the term and the conditions of supervised release, shall consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(c). Having reviewed the record, we conclude that the district court did not abuse its discretion in imposing a 10-year term of supervised release given Bragg's extensive criminal record and repeated prior violations of probation and supervised release. See 18 U.S.C. § 3553(a)(1), (a)(2)(B) (identifying "nature and circumstances of the offense and the history and characteristics of the defendant" and "adequate deterrence to criminal conduct" as factors for determining proper sentence). Thus, the above-Guidelines term of supervised release is substantively reasonable.

Finally, we turn to the substantive reasonableness of the within-Guidelines-range sentence of incarceration. We presume that a sentence within a properly calculated Sentencing

4

Guidelines range is reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). A defendant can rebut this presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id. We conclude that Bragg's within-Guidelines-range sentence of incarceration is substantively reasonable and that Bragg has not made the showing necessary to rebut the presumption of reasonableness. See id.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED